AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America v. | ) |
|---|---|
| JAMES MICHAEL O'BRIEN | ) Case No. 2:24-mj-1007-TRR |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __January 17, 2024__ in the county of __Charlotte__ in the
__Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(u) | Theft of a Firearm from a Firearms Dealer |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

/s/ Thomas "Jordan" Mileshko
*Complainant's signature*

Thomas "Jordan" Mileshko, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01/18/2024

*Judge's signature*

City and state: Fort Myers, Florida    Timothy R. Rice, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Thomas "Jordan" Mileshko, being first duly sworn, hereby depose and state as follows:

1. I have been employed by the Alcohol, Tobacco, and Firearms (ATF) since June 2020. I am currently assigned to the Fort Myers Field Office of the ATF. I have received extensive law enforcement training at the Department of Homeland Security's Criminal Investigative Training Program and the ATF's Special Agent Basic Training at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. This six-month training program covered subject matters that included federal criminal statutes, interviewing techniques, arrest procedures, use of force, search and seizure authority, narcotics, undercover techniques, search warrant applications, and various other investigative techniques.

2. As a Special Agent, I completed the ATF Firearms Interstate Nexus Training Course in West Virginia in August of 2022. As a result, I am considered an interstate firearms nexus expert by the ATF.

3. Prior to working for the ATF, I was a certified Police Officer with the Marietta Police Department in Cobb County, Georgia from January 2009 to June 2020 (11 years). During my time with the Marietta Police Department, I was assigned to the Crime Interdiction Unit (CIU) from 2014-2019 (5 years) and the Special Weapons and Tactics (SWAT) team from 2010-2020 (10 years). I have served more than 80 High risk search warrants with the majority being a "no knock" provision.

While working for the Marietta Police Department, I was assigned to the High Intensity Drug Traffic Area (HIDTA) with Drug Enforcement Administration (DEA). I was deputized through DEA to exercises the powers of enforcement personnel set forth in Section 878, Title 21, United States Code from 2019 to 2020. During my duties at the Marietta Police Department, I was a state certified marijuana examiner, field training officer, firearms and defensive tactics instructor, and had obtained my senior patrol officer status. I obtained over 3000 hours of Georgia POST (Police Officers Standards and Training) accredited training. I have made over 500 arrests and sworn out over 200 arrest warrants and 50 search warrants as well as testified in numerus state and federal courts. I also have a Bachelor's Degree in Criminal Justice from Kennesaw State University.

## PURPOSE OF THE AFFIDAVIT

4. Based on the facts set forth in this affidavit, there is probable cause to believe that on or about January 17, 2024, the crime of Theft of a Firearm from a Firearms Dealer, was committed by James Michael OBRIEN, (W/M, DOB: XX/XX/1975) (hereinafter: "OBRIEN") in violation of Title 18, United States Code, Section 922(u).

5. This affidavit is based upon my own investigation, the investigation of other law enforcement officers, my conversations with other law enforcement officers and witnesses, and my review of items of evidence provided to me to date. I make this affidavit in support of probable cause of a violation of Title 18, United States Code,

Section 922(u); therefore, this affidavit does not contain each and every fact known to me about this matter.

## PROBABLE CAUSE

6. On January 17, 2024, a manager (hereinafter: "Manager") at J & J One Stop Gun Shop located at 2324 Tamiami Trail, Port Charlotte, Florida contacted the ATF-Fort Myers Field Office about the theft of a firearm. J & J One Stop Gun Shop is within the Fort Myers Division of the Middle District of Florida. J & J One Stop Gun Shop is also a federal firearms licensee, and as a result, is licensed by the ATF to engage in the business of dealing firearms.

7. Your affiant spoke to Manager, and Manager informed your affiant[1] that on January 17, 2024, a frequent and known customer came into J & J and legally purchased a Canik brand pistol. While completing the purchase of the Canik brand pistol, the customer, later identified as OBRIEN, grabbed an unloaded Springfield Armory Hellcat Pro pistol that was on display in the store. After purchasing the Canik Brand pistol, OBRIEN, unbeknownst to J & J employees, concealed the Springfield pistol in his pocket and left the store with it. OBRIEN never paid for the Springfield pistol. OBRIEN's actions were captured on J & J's store surveillance video.

8. Manager made a copy of OBRIEN's driver's license during the sales transaction of the Canik brand pistol. Manager provided your affiant a copy of OBRIEN's driver's license after realizing the Springfield pistol had been stolen. On

---

[1] Statements of witnesses and OBRIEN are not meant to be verbatim.

3

January 17, 2024, your affiant and other members of law enforcement went to 4613 Shrimp Ln, North Port, Florida which was the registered address for OBRIEN.

9. When your affiant and members of law enforcement arrived at OBRIEN's residence, OBRIEN answered the door with the stolen Springfield pistol in his right hand inside of his sweatshirt pocket. The Springfield pistol was loaded. Your affiant detained OBRIEN and read him his *Miranda* rights. OBRIEN agreed to waive his rights and speak to your affiant. Post-*Miranda*, OBRIEN told your affiant that he was at a gun store in Port Charlotte and bought a Canik brand pistol. OBRIEN initially told your affiant that he purchased the stolen Springfield pistol and has had it for three days. However, OBRIEN stated he remembered holding the Springfield pistol, grabbing the box for his Canik brand pistol, and then he thought he forgot about having the Springfield pistol in his pocket. OBRIEN further called his taking of the Springfield pistol a "senior moment."

10. Your affiant reviewed portions of the J & J store surveillance video capturing OBRIEN's theft of the Springfield pistol. The video depicts OBRIEN putting the Springfield pistol into his pocket and leaving J & J with the Springfield pistol.

11. The Springfield Armory Hellcat Pro pistol was manufactured outside of the State of Florida, and therefore, had previously traveled in interstate and/or foreign commerce prior to arriving in Florida.

4

12. WHEREFORE, there is probable cause that on or about January 17, 2024, in the Middle District of Florida, James Michael OBRIEN, (W/M, DOB: XX/XX/1975) did commit the crime of theft of a firearm from a firearms dealer in violation of Title 18, United States Code, Section 922(u).

Respectfully submitted,

*/s/ Thomas "Jordan" Mileshko*
Thomas Mileshko, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Affidavit submitted by e-mail and attested to me as true and accurate by telephone consistent with Fed. C. Crim. P. 4.1 and 41(d)(3) before me this 18th day of January, 2024.

_____
TIMOTHY R. RICE
United States Magistrate Judge

5